UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10586-RGS

TIMOTHY DOYLE YOUNG

v.

UNITED STATES

MEMORANDUM AND ORDER

April 12, 2010

STEARNS, D.J.

On April 5, 2010, Timothy Doyle Young, who is incarcerated at a federal penitentiary in Florence, Colorado, filed in this Court a petition for a writ of habeas corpus. For the reasons set forth below, the Court will DENY the petition.

BACKGROUND

Young broadly claims that he is in custody "in violation of the federal statutes (civil, criminal, and administrative)" and "in violation of conditions imposed by the Geneva Convention and international law." Pet. ¶¶ 2, 3. He does not, however, explain the reasons for which he believes that his confinement is illegal, nor does he argue that his conviction or sentence were improper.

Instead, the petition challenges the legality of various statutes. Young argues that the that the so-called "three strikes" provision of the Prison Litigation Reform Act of 1995 ("PLRA"), Title VIII of Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended in scattered sections of the U.S.C.), which significantly limits a prisoner's ability to file a non-habeas civil action without prepayment of the filing fee if the prisoner has, on more than three prior occasions, filed an action that was dismissed on the ground that it was frivolous,

malicious, or failed to state a claim upon which relief may be granted, see 28 U.S.C. § 1915(g), is unconstitutional. He also argues that the "waiver of reply" and administrative remedy exhaustion requirement of the PLRA, see 42 U.S.C. § 1997e, are illegal. Finally, he claims that 28 U.S.C. § 252, which governs the review of judicial misconduct complaints by the chief judge and judicial council of a court of appeals, is unconstitutional. Young alleges that a judicial council of the Tenth Circuit abused its authority under 28 U.S.C. § 252 by failing to convene a special committee to address Young's allegation of misconduct by a district judge.

In his prayer for relief, Young asks that the statutes that he challenges be declared unconstitutional, that he be allowed access to "a third party remedy similar to an administrative law judge or alternative dispute resolution in place of the BOP grievance procedure," that he be awarded an unspecified "remedy for past and current (on going constitutional violations," and that he be appointed counsel. Pet. ¶¶ 23-26.

The petition has not been served so that the Court may first determine whether the respondent should be required to reply to the petition. See 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent).

## DISCUSSION

Under 28 U.S.C. § 2241, a federal court has the authority to entertain a petition for a writ of habeas corpus brought a petitioner who is within the court's jurisdiction at the time the petition is filed. See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) ("District courts are limited to granting habeas relief 'within their respective

jurisdictions.'" (quoting 28 U.S.C. § 2241(a)); see also id. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). As Young is confined within the District of Colorado, this Court does not have jurisdiction over his habeas petition. Young's argument that jurisdiction exists within this District because of the alleged misconduct of the Tenth Circuit is unavailing.

Under 28 U.S.C. § 1404(a) "in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Here, justice would not be served by the transfer of this petition because Young's claims are not the proper subject of a habeas petition. Habeas corpus review is available under § 2241 if a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [non-habeas action]." Muhammad v. Close, 540 U.S. 749, 750 (2004).

Here, Young does not set forth any cognizable challenge to the validity of his conviction or sentence. He does not seek release. Rather, he challenges the legality of statutes concerning his ability to prosecute non-habeas civil actions and judicial misconduct complaints. These matters are not the proper subject of a habeas petition.

## ORDER

For the foregoing reasons, the petition for a writ of habeas corpus is <u>DENIED</u>.  This action is dismissed.

        SO ORDERED.

        /s/ Richard G. Stearns
        UNITED STATES DISTRICT JUDGE