UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10586-RGS

TIMOTHY DOYLE YOUNG

v.

UNITED STATES

ORDER

July 8, 2010

STEARNS, D.J.

On April 5, 2010, Timothy Doyle Young, who is incarcerated at a federal penitentiary in Florence, Colorado, filed in this court a petition for a writ of habeas corpus. In an order dated April 12, 2010, the court denied the petition on the ground that the petition was improperly filed in the District of Massachusetts. The court declined to transfer the matter to the jurisdiction of Young's confinement because he did not present a ground for habeas relief. Young did not seek immediate or speedier relief; instead, he challenged certain provisions of the Prison Litigation Reform Act, the grievance procedures of the Federal Bureau of Prisons, and the processing of judicial misconduct complaints that he had filed with the United States Court of Appeals for the Tenth Circuit.

Now before the court is Young's motion for leave to appeal in forma pauperis. Under the federal in forma pauperis statute, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Regardless of any subjective good faith on the part of the appellant, "good faith" within the meaning of 28 U.S.C. § 1915(a)(3) is only demonstrated when a litigant seeks "appellate review of any issue not frivolous." Coppedge v. United States, 369 U.S. 438, 445 (1962).

An issue is frivolous if "no reasonable person could suppose [it] to have any merit." Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

Here, Young does not seek appellate review of a non-frivolous issue. The law concerning the jurisdiction in which a prisoner may file a habeas petition is well established. See, e.g., 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) ("District courts are limited to granting habeas relief 'within their respective jurisdictions.'" (quoting 28 U.S.C. § 2241(a)). Further, it is clear that Young did not present a valid claim for immediate or speedier release. Therefore, under 28 U.S.C. § 1915(a)(3), he cannot appeal in forma pauperis on appeal.

Accordingly, the motion for leave to appeal in forma pauperis is DENIED. The Clerk shall transmit a copy of this order to the United States Court of Appeals for the First Circuit.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE